UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. LIGHT, JR., | 1:11-cv-01745 MJS HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |
| v. | (Doc. 8) |
| HECTOR A. RIOS, JR., | |
| Respondent. | |

I.   **PROCEDURAL HISTORY**

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The instant federal petition was filed on October 19, 2011. (Pet., ECF No. 1.) On October 27, 2011, pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

On November 21, 2011, the Court dismissed the petition, entered judgment against Petitioner, and ordered the Clerk of the Court to close the file. (Order, ECF No. 6.)  On November 29, 2011, Petitioner filed the instant document, entitled, "Motion to Arrest the Magistrate's Judgment and Refer the Case to the Chief Judge for Judgment." (Mot., ECF No. 8.) Petitioner requests that the Magistrate Judge's order be "arrested" and the instant case be presented to the Chief Judge of the district for consideration. (Id.) Petitioner also asks the Court to rule on Petitioner's request for 'praecepi' filed concurrently with the petition.

1     The federal courts have a duty to construe pro se pleadings liberally. Hamilton v. United
2  States, 67 F.3d 761, 764 (9th Cir.1995) (citing Hughes v. Rowe, 449 U.S. 5, 9 (1980)
3  (quotation omitted)). Consistent with such duty, the Court will construe Petitioner's motion as
4  a motion for reconsideration.

5  **II.    DISCUSSION**

6     Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the
7  district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment
8  on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
9  evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has
10 been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."
11 Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in
12 any event "not more than one year after the judgment, order, or proceeding was entered or
13 taken." Id.

14    Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party
15 to show the "new or different facts or circumstances claimed to exist which did not exist or
16 were not shown upon such prior motion, or what other grounds exist for the motion." Motions
17 to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking,
18 825 F.2d 437, 441, 263 U.S. App. D.C. 300 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456,
19 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly
20 convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare
21 Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd
22 in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

23    Here, Petitioner has failed to establish any of the prerequisites for granting a motion for
24 reconsideration. He has not shown "mistake, inadvertence, surprise, or excusable neglect,"
25 provided newly discovered evidence, shown the judgment to be either void or satisfied, or
26 provided any other reasons justifying relief from judgment. Moreover, pursuant to the Court's
27 Local Rules, Petitioner has not provided "new or different facts or circumstances claimed to
28 exist which did not exist or were not shown upon such prior motion, or what other grounds

1  exist for the motion." Local Rule 230(j).

2      Instead, the arguments raised in the instant Motion for Reconsideration focus on his
3  desire to vacate the decision of the Magistrate Judge and have the matter heard by the Chief
4  District Court Judge. Since Petitioner consented to the jurisdiction of the Magistrate Judge, his
5  recourse if dissatisfied with the Magistrate Judge's dismissal and judgment is to file an appeal
6  with the Court of Appeals for the Ninth Circuit, not seek a hearing by the Chief Judge. See 28
7  U.S.C. § 636(c)(3).

8      Petitioner also asks the Court to address the 'praecepi' filed with the habeas corpus
9  petition. Black's Law Dictionary defines "praecepi" as "an original writ, drawn up in the
10 alternative, commanding the defendant to do the thing required, or show the reason why he
11 had not done it." Black's Law's Dictionary 1172 (6th ed. 1990). The Court need not address
12 the praecepi in order to screen and determine the merits of the petition for writ of habeas
13 corpus or this motion.

14     Because the Motion for Reconsideration provides no new evidence or circumstances
15 that would satisfy the requirements of Rule 60(b), it must be denied.

16 **III.  ORDER**

17     Accordingly, it is ORDERED that Petitioner's Motion for Reconsideration (Doc. 8.) is
18 DENIED.

22 IT IS SO ORDERED.

23 Dated:   December 9, 2011           /s/ *Michael J. Seng*
                                                   UNITED STATES MAGISTRATE JUDGE